UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DANIEL T. IRISH | CIVIL ACTION NO. 15-480 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| BURL CAIN | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM RULING

In this capital habeas case, Petitioner Daniel Irish ("Irish") seeks to present several unexhausted claims in state court. To do so, he moves to stay and abey this federal proceeding.[1] Respondent Tim Hooper has filed an opposition.[2] For the reasons that follow, Irish's motion is **GRANTED**.

## BACKGROUND

A jury convicted Irish of first-degree murder in the death of his former landlord. At his trial, the state of Louisiana proved that Irish had a motive and intent to rob and kill the landlord to alleviate his own financial hardships. Following his conviction, the state court held a sentencing hearing where a unanimous jury recommended the death penalty. Irish was then sentenced to death. After a direct appeal ended with the Louisiana Supreme Court ruling *State v. Irish*, 2000-2086 (La. 1/15/02), 807 So. 2d 208, Irish brought a petition for post-conviction relief. Once Irish exhausted that petition in state court, he sought federal habeas review.[3] In so doing, he alleged thirty-one claims, including a *Brady*

---

[1] Record Document 118.
[2] Record Document 129.
[3] Record Document 1.

violation, ineffective assistance of trial counsel, and denial of his right to a fair and impartial jury.[4] The Magistrate Judge recommended these claims be dismissed in a pending report and recommendation ("R&R") issued in 2018.[5] In response to that R&R, Irish eventually sought a stay to negotiate with Respondent for a life sentence without probation, parole, or suspension in place of execution.[6] The Court stayed this case to give the parties time to settle the issue, but their negotiations proved fruitless.[7]

Meanwhile, Irish replaced his counsel with another appointed attorney.[8] Soon after, the Court granted a stay, allowing Irish to probe the record for new habeas claims.[9] Irish did so and eventually requested two additional stays to draft an amended habeas petition raising unexhausted claims based on the ineffective assistance of post-conviction counsel.[10]

To be sure, federal courts may not grant a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Yet Irish planned to circumvent that exhaustion requirement by relying on *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the United States Supreme Court recognized that a defaulted claim of ineffective assistance of trial counsel might be excused if the default was due to ineffective assistance of post-conviction relief counsel.

---

[4] *Id.*
[5] Record Document 56.
[6] Record Documents 75, 80 & 83.
[7] Record Document 84.
[8] Record Document 92.
[9] Record Document 94.
[10] Record Documents 98 & 113. The resurgence of the Omicron COVID-19 variant prompted Irish to request additional time to investigate 180 days after he filed his first motion. Record Document 113.

*Id.* at 17. In response to Irish's requests, the Court stayed this matter so Irish could draft his amended petition.[11]

In the meantime, the Supreme Court issued *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), which affected Irish's prospects of raising his new unexhausted claims. In *Ramirez*, a six-justice majority held that a district court *may not* conduct an evidentiary hearing or otherwise consider evidence beyond the state court record based on the ineffective assistance of state post-conviction counsel. *Id.* at 1724. In other words, Irish no longer had the opportunity to present new evidence in federal court under *Martinez*, as no state court record exists for the claims he sought to raise in his amended habeas petition. As a result, Irish moves to stay all federal proceedings while he exhausts his claims in state court.[12]

**LEGAL STANDARD**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that federal habeas relief may not be granted unless a petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1)(A). In *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Supreme Court held that a district court has the discretion to stay a habeas petition to allow a petitioner to return to state court and pursue an unexhausted claim. Because it "effectively excuses a petitioner's failure to present his claims first to the state courts," a stay and abeyance should only be granted when the district court determines that there is (1) good cause for the failure to exhaust and (2) that the unexhausted claims are not

---

[11] Record Documents 99 & 114.
[12] Record Document 118.

plainly meritless. *Id.* at 277. A district court abuses its discretion if it refuses to entertain such a petition where these criteria are met and there is no indication that the petitioner had engaged in dilatory litigation tactics. *Id.* at 278.

## LAW & ANALYSIS

a. Good Cause

The first factor in the *Rhines* analysis is whether Irish has shown good cause for failing to exhaust his claims in state court. Though the Supreme Court has yet to expound on what constitutes "good cause," the Fifth Circuit has observed in dicta that district courts should find good cause "in the equitable sense." *Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007). Other circuit courts have concluded that such a showing does not require proof of "extraordinary circumstances." *Wooten v. Kirkland*, 540 F.3d 1019, 1023–24 (9th Cir. 2008); *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005). And as pertinent here, district courts in this circuit have held that "ineffective assistance of post-conviction counsel can constitute good cause for failing to exhaust claims in state court." *Keller v. Cain*, No. 21-cv-0134, 2022 WL 17682660, at *6 (S.D. Miss. Dec. 14, 2022); *see also Ambrose v. Cain*, No. 21-cv-0302, 2022 WL 3499637, at *2 (S.D. Miss. Aug. 17, 2022) (same); *Brewer v. Davis*, No. 15-cv-0050, 2018 WL 4608260, at *5 (N.D. Tex. Aug. 7, 2018), *report and recommendation adopted,* No. 15-cv-0050, 2018 WL 4585357 (N.D. Tex. Sept. 25, 2018) (same).

In this case, Irish argues that his post-conviction counsel's ineffective assistance and the Supreme Court's decision in *Ramirez* provided "good cause" for his failure to exhaust. Irish points to detailed examples of his post-conviction counsel's deficient

4

performance: He alleges that counsel failed to investigate the extent of his intellectual disability, present a complete picture of his neuropsychological impairments, and examine his traumatic upbringing. Irish supports these allegations with new evidence like expert declarations. On these bases, Irish's representations are more than "bald assertion[s]." *Brewer*, 2018 WL 4608260, at *5 (quoting *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014)). Indeed, Irish "has shown the kind of 'reasonable excuse, supported by evidence' that other courts have found to show good cause to justify a petitioner's failure to exhaust." *Id.* (quoting *Blake*, 745 F.3d at 982). Also, as noted above, the Court is aware that the new constraints from *Ramirez* prevent Irish from arguing the claims he intended to pursue under *Martinez*. For these reasons, the Court concludes that Irish has shown "good cause" for his failure to exhaust, particularly considering the limitations for presenting new evidence in federal habeas court. *See Pandeli v. Shinn*, No. 17-cv-1657, 2022 WL 16855196, at *5 (D. Ariz. Nov. 10, 2022) ("The propriety of a stay is magnified by the decision in *Ramirez* and its limitations on the presentation of new evidence in federal habeas court.").

  b. Potentially Meritorious

  Next, the Court considers whether Irish's claims are "potentially meritorious." As the *Rhines* Court explained, a claim is "potentially meritorious" if the claim is not "plainly meritless." *Rhines*, 544 U.S. at 277. In addressing this factor, "principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless it is *perfectly clear* that the petitioner has no hope of prevailing." *Keller*, 2022 WL 17682660, at *7 (quoting *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017)) (emphasis

added). Indeed, "[t]he Court must not 'deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted.'" *Id.* (quoting *Dixon*, 847 F.3d at 722). In this context, the Court need not analyze each unexhausted claim if it concludes that even one is "potentially meritorious" for the purpose of issuing a *Rhines* stay. *Archanian v. Gittere*, No. 19-cv-0177, 2019 WL 6499113, at *2 (D. Nev. Dec. 3, 2019) ("If a stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim analysis regarding the remaining claims.").

As noted above, Irish raises several claims regarding post-conviction counsel's performance. Under one theory, Irish argues that counsel failed to adequately investigate, develop, and present necessary factual and legal support to show that he was intellectually disabled and thus exempt from execution. If true, counsel's omissions were consequential. Three years after the jury convicted Irish, the Supreme Court held in *Atkins v. Virginia*, 536 U.S. 304 (2002), that the Eighth Amendment prohibits capital punishment of intellectually disabled criminals. In doing so, the Supreme Court tasked the states with "developing appropriate ways to enforce" the prohibition. *Id.* at 317.

For its part, the Louisiana Supreme Court adopted a three-element standard for determining whether an individual is intellectually disabled: (1) sub-average intelligence and (2) significant impairment in several areas of adaptive skills that (3) manifested during the developmental stage. *State v. Williams*, 2001-1650 (La. 11/1/02), 831 So. 2d 835, 854. At the time of his sentencing, Irish argues that he met this standard; he cites evidence showing that his IQ fell within the range of intellectual disability, that he was impaired in

adaptive functioning, and that he developed his intellectual impairments before he was eighteen. According to Irish, his post-conviction counsel failed to conduct the necessary investigation of his disability despite the several red flags. Based on its review, the Court cannot say this one claim is "plainly meritless" in substance. That is not to say that Irish will likely succeed with his theory, only that his claim is "colorable," and any disposition in state court is not "perfectly clear." *Keller*, 2022 WL 17682660, at *7.

Respondent, however, does not dispute the substantive merit of this particular theory; instead, he focuses the bulk of his opposition on Louisiana's alleged procedural bar to Irish's claims. Indeed, according to Respondent, the procedural viability of any revived petition in state court is the "pre-eminent issue" Irish cannot overcome. Pointing to Louisiana statutory authority, Respondent stresses that "[a] successive application [for post-conviction relief] shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application." La. Code Crim. Proc. art. 930.4(E). Because Irish once brought a petition for post-conviction relief in state court, Respondent believes Louisiana law would bar any relief Irish would seek if this Court grants a stay. And even assuming Irish's post-conviction counsel made errors, Respondent believes that those errors cannot save Irish's claims from state-court default. The basis for Respondent's belief is partially grounded in a recent Louisiana Fifth Circuit Court of Appeal holding. That court explained that post-conviction counsel's ineffectiveness "does not excuse procedural

defects in Louisiana's post-conviction proceedings." *State v. Kang*, 19-227 (La. App. 5 Cir. 3/17/20), ___ So. 3d ___, 2020 WL 8770901, at *5 (La. Ct. App. Mar. 17, 2020).[13]

Irish, by contrast, believes his claims are viable under Louisiana criminal procedure. Notably, Irish disputes whether the prohibition on successive petitions even applies to his claims.[14] He contends that the procedural bar is not absolute even if it does. Indeed, Irish cites jurisprudence from the Louisiana Supreme Court that demonstrates a tepid willingness to excuse procedural defaults in the "interests of justice" for "unusual circumstances." *State v. Davis*, 2019-01962 (La. 4/27/20), 295 So. 3d 396, 397.

Irish also points out that Louisiana state courts may be interested in considering the adequacy of post-conviction procedures post-*Ramirez*. As Irish notes, a few state courts across the country have already done so. *See, e.g., Frost v. State*, 514 P.3d 1182, 1188 (Or. Ct. App. 2022) (granting relief in part because the recent *Ramirez* decision indicates that state review of the errors of petitioner's state post-conviction counsel is "likely the end of the line"); *Commonwealth v. Debois*, 281 A.3d 1062, 1062 n.6 (Pa. Super. Ct. 2022) (reversing a dismissal, in part, because "[a]n affirmance in this instance would effectively close off any avenue for additional state post-conviction collateral review. That result would forever cut off any opportunity for Appellant to create an evidentiary record for his ineffective claims in light of . . . *Shinn v. Ramirez*").

---

[13] The Court notes that this determination by the Louisiana Fifth Circuit Court of Appeal was made while considering an expired limitations period, as opposed to a procedural default in the context of successive state court petitions for post-conviction relief.

[14] Irish argues, in particular, that Louisiana Code of Criminal Procedure article 930.4(E) was not in effect when the default occurred. Therefore, he argues it should not apply in his case because "only the rules in effect when a procedural default occurred may bar relief on a claim." Record Document 118-1 at 22.

Though the Court has concerns about the procedural issues Irish may face, state courts are in a better position to determine if those prohibitions apply to Irish's petition. The Fifth Circuit has explained that unless it is "entirely clear" that state procedural bars "would prohibit consideration" of a petitioner's claim, the state courts "should make that determination." *Wilder v. Cockrell*, 274 F.3d 255, 262–53 (5th Cir. 2001). Considering the gravity of this capital case and the legal issues it presents, this Court cannot conclude that it is "entirely clear" that Irish's claims will be procedurally barred. Therefore, in the interest of "federal-state comity," this Court will allow Louisiana courts to weigh in on the parties' procedural dispute. *Id.* at 260; s*ee also Rose v. Lundy*, 455 U.S. 509, 515–19 (1982) (explaining that "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings"). For these reasons, the Court concludes that Irish satisfies the "potentially meritorious" factor for the *Rhines* analysis.

    c. Absence of Dilatory Litigation Tactics

Finally, the Court considers whether Irish has intentionally delayed this litigation to slow-walk its progress. Despite Respondent's arguments otherwise, nothing in this record indicates dilatory litigation tactics from either side. As Respondent acknowledges, the record in this case is extensive, and delays and hindrances caused by the COVID-19 pandemic have been significant. That said, the Court recognizes that this case has been pending before the undersigned for a considerable time. But such a circumstance is the fault of no one party. As noted above, the Court allowed Irish to pursue unexhausted claims under *Martinez*. But *Ramirez* thwarted that undertaking. The Court cannot say that

failing to predict an unforeseen Supreme Court ruling is a dilatory tactic. And Respondent, for his part, requested to extend the briefing period for filing an opposition to the present motion by 120 days, which the Court granted.[15] Though the Court does not fault Respondent for so moving, this litigation has not been stalled on Irish's account alone. Accordingly, the Court thus concludes that Irish satisfied the final *Rhines* factor.

## CONCLUSION

Based on the analysis above, Irish's motion[16] to stay and abey this federal proceeding is **GRANTED**. **IT IS ORDERED** that this federal habeas case is **STAYED AND HELD IN ABEYANCE** pending resolution of a state successor post-conviction petition in which Irish will pursue available state court remedies for his unexhausted federal constitutional claims. **IT IS FURTHER ORDERED** that Irish timely file an application for post-conviction relief in state court in the next 90 days and notify this Court within 30 days of the state court's final disposition. The Clerk of Court shall administratively close this action until such a time as the Court grants a motion to reopen the case.

**THUS DONE AND SIGNED** this 16th day of March, 2023.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[15] Record Documents 121 & 122.
[16] Record Document 118.